IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Sanford Williams Jr.,
   Plaintiff
   v.
Commonwealth of PA.,
   Defendant

NO. 3:20-CV-0465

CIVIL ACTION

FILED SCRANTON OCT 30 2020 PER ___ DEPUTY CLERK

MEMORANDUM OF LAW

This is a Civil Rights Action, filing of the Habeas Corpus in the matter by Sanford Williams Jr.

Plaintiff asserts claims under 28 U.S.C. 2244 against the Commonwealth of Pennsylvania for Malicious Prosecution, False Arrest, Negligence, Illegal Search and Seizure and Defamation of Character.

This is a supplement petition in support of Plaintiff's claims. Plaintiff is challenging the validity of an illegal sentence that he is currently serving in the Pa. state prison; which Plaintiff avers as follows:

1. Plaintiff states that beside from being falsely arrested and charged with an F-3 Retail Theft offense and with an F-3 Conspiracy offense, the Court imposed an illegal/prohibited sentence upon Plaintiff.

2. On December 19, 2019, Plaintiff pled guilty to an M-1 Conspiracy to commit Retail Theft through his

Defense Counsel ill-fated advise, which the Court imposed a 6 to 24 months sentence running concurrently with Plaintiff original State sentence effective as of December 19, 2019.

3. Plaintiff states that Defense Counsel Royer knew or should have known of the prohibited sentence and being an ineffective assistance of counsel, he failed to raise/argue the matter in Court.

4. Plaintiff states, subsequently, during the course of research regarding the case, it was disclosed to Plaintiff that the Court imposed a prohibited 6 to 24 months prison sentence upon Plaintiff, which it was disclosed that under "Convicted Parole Violator" (which in essence, Plaintiff was a Parole Violator) 61 P.S. Section 331.21 of the Parole Act which outlines the requirement of an individual's recommitment. In essence, it clearly states that the Act prohibits serving the time remaining on the original sentence concurrently with any new sentences received. An individual paroled from one jurisdiction receiving a new sentence to the same jurisdiction will serve the original sentence first. This has been affirmed by the

Pennsylvania Supreme Court in its decision Sheldon Dorian v Commonwealth of Pennsylvania In Commonwealth v Draper cites that regardless of a judge's clear intentions to the contrary, the new sentence/back time CANNOT be served concurrently.

5. Plaintiff states, that the illegal/prohibited 6 to 24 months prison sentence predjudiced Plaintiff and was extremely unjust to Plaintiff.

6. The PA. Parole Board did not acknowledge the illegal/prohibited 6 to 24 months sentence. In essence, as a result of the Parole Board not acknowledging (acknowledging) the court order (imposed sentence), the court imposed 6 to 24 months sentence was not effective as of December 19, 2019 as the court ordered, which Plaintiff's minimum parole eligibility date was suppose to have been June 19, 2020, and as a result of the Parole Board not acknowledging the Court's order, according to it's standards, it extended Plaintiff minimum parole eligibility date from June 19, 2020 to November, 2020.

7. Plaintiff has exhausted all of his remedies in the trial court which were to no avail. Plaintiff yet

has pending pro se motions in the court regarding the matter that is being prolonged. In essence, Defense Counsel Entwistle stated Plaintiff's claims regarding his P.C.R.A. motion did not have merit when it did have merit, which Plaintiff subsequently requested the court to remove Defense Counsel Entwistle from the case, which the court granted Plaintiff's request and defense Counsel Entwistle is no longer counsel of record, in this case, as a result of being "ineffective assistance of counsel".

Relief:

Plaintiff requests the court respectfully, that upon reviewing the evidence presented, to correct any deficiencies and omissions and if the court ruling is favorable to Plaintiff, to dismiss the prohibited/illegal sentence against Plaintiff.

Dated: 10-25-2020

Respectfully submitted,

Sanford Williams Jr
Pro Se

Williams v Commonwealth of PA.

No. 3:20-cv-0465                    Exhibit A.

This is a copy of court order regarding the illegal/prohibited 6 to 24 months prison sentence which shows the court imposed sentence was ordered effectively on December 19, 2019, which the Commonwealth of PA. Parole Board was in defiant to the court's order. (Also, see the sentencing transcripts) dated: December 19, 2019, which shows the 6 to 24 months prison sentence were ordered to be ran "CONCURRENT" with plaintiff's original prison sentence

10-25-2020

Williams V Commonwealth of PA.
No. 3:20-CV-0465                    Exhibit A.
IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
Criminal

Commonwealth of Pennsylvania

Vs                                    CP-01-CR-413-2019

Sanford Williams, Jr.

### ORDER OF COURT

AND NOW, this 19th day of December, 2019, the Defendant appeared via video-conferencing and was represented by counsel for sentencing as a result of a guilty plea entered October 7, 2019 to Count 2 as amended, conspiracy to commit retail theft, in violation of Section 903(a)(1) of the Pennsylvania Crimes Code as a misdemeanor of the first degree.

The Court has received and reviewed a presentence investigation report. It is noted that the Defendant's prior record score is RFEL. The standard guideline range is six to less than 12. The Defendant has 36 adult arrests with 23 convictions. His criminal history is consistent spanning back to 1963. The majority of convictions are theft or burglary related matters.

The parties had agreed at the time the plea was entered to a cap of 6 to 24 months SCI. The Court deems that sentence to be appropriate.

Accordingly, the sentence of the Court is that the Defendant will serve no less than six months nor more than 24 months in a state correctional institution designated by the State Department of Corrections. The sentence is effective today.

DATED: 10-25-2020

Respectfully Submitted,

Sanford Williams Jr.
PRO SE

State of Pennsylvania
County of Adams
This is a true copy compared with the original
at Gettysburg this ___ 2020

Deputy Clerk
My Commission
First Monday in January

Sanford Williams Jr.
SCI Smithfield Cell 1420
1120 Pike Street
Huntingdon, PA. 16652

Clerk of Courts
United States District Court
Middle District of PA.
235 N. Washington Avenue
Scranton, PA. 18501

Williams v Commonwealth of PA.
No. 3:20-cv-0465

FILED
SCRANTON
OCT 30 2020
PER _____ DEPUTY CLERK

Dear Court Clerk,
   Please find enclosed in this letter an original copy of Memorandum of Law and a copy of Exhibit A. That is in support of Plaintiff civil action claim, which Plaintiff would like for your office to file with the court.
   Thank you kindly,
Dated: 10-25-2020

Yours truly,
Sanford Williams Jr.
Pro Se

Smart Communications/PADOC
SCI- Smithfield
Name Dante'd Williams JR,
Number QD 1420
PO Box 33028
St Petersburg FL 33733

Clerk of Curts
United States District Court
Middle District of PA.
P.O. Box 1148
Scranton, PA. 18501

Legal Mail