# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANFORD WILLIAMS, JR., | : | CIVIL NO: 3:20-cv-00465-SES |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| BRANDON P. BLACK, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**
June 30, 2021

## I. Introduction.

The plaintiff, Sanford Williams, Jr. ("Williams"), filed the instant complaint *pro se* against the defendants, Pennsylvania State Trooper Brandon Black, Stacy Blosser, and the Commonwealth District Attorney's Office. After screening Williams' complaint in accordance with 28 U.S.C. § 1915A, we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Williams leave to file an amended complaint.

## II. Background.

Williams, proceeding *pro se*, began this action by filing a complaint on March 20, 2020, while he was an inmate at State Correctional Institution Smithfield. *Doc. 1* at 1. He also filed an application to proceed *in forma pauperis*,

which we granted. *Docs. 8*, *11*. Williams' complaint is premised on the events that led to his March 24, 2019, arrest. Per the complaint, Williams was arrested for stealing $2,042.50 worth of infant formula from Walmart. *Doc. 1* at 3. Williams alleges that Pennsylvania State Trooper Brandon Black ("Trooper Black") conspired with Stacy Blosser ("Blosser")—identified as an asset protection employee at Walmart—to falsely accuse Williams of theft. *Id.* at 4. According to Williams, Trooper Black and Blosser agreed to provide "inaccurate, false, misleading information" that led to Williams' arrest. *Id.* at 10. Without naming any specific individuals, Williams also lists the Commonwealth District Attorney's Office as a defendant and alleges that the office committed acts of conspiracy and malicious prosecution by relying on Trooper Black's false information to prosecute Williams. *Id.* at 15. Despite Williams pleading guilty to the charges, he contends that he is innocent and was falsely accused and unlawfully charged. *Id.* at 16. Williams seeks damages in the amount of $350,000 from each of the three defendants. *Id.* at *8*, *12*, *17*. He also requests that we file charges against Trooper Black for perjury and against the District Attorney's office for conspiracy. *Id.* at *8*, *17*.

## III. Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to

relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cnty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

4

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

Williams commenced this action for alleged violations of his civil rights regarding his 2019 arrest for theft at Walmart. He attempts to bring the complaint

5

under 42 U.S.C. § 1983.[1] *Doc. 1* at 1. Per the complaint, the defendants subjected Williams to pain and suffering, cruel and unusual punishment, false arrest, false imprisonment, and deprived him of his due process rights. *Id.* at *8*, *12*, *17*. Trooper Black and the Commonwealth District Attorney's Office can plausibly be sued under 42 U.S.C. § 1983, but no facts in the complaint support the conclusion that Blosser—a Walmart employee—acted under the "color of state law." Thus, Blosser is not a proper § 1983 defendant. Nonetheless, Williams fails to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915A.

## V. The complaint fails to state a claim upon which relief can be granted.

Williams' complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94). "[A] court must make reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights due merely to

---

[1] "42 U.S.C. § 1983 provides a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (citations omitted).

their lack of legal training." *Id.* Thus, "[c]ourts are more forgiving of *pro se* litigants for filing relatively unorganized or somewhat lengthy complaints." *Id.*

Liberally construing Williams' complaint, we nevertheless conclude that it fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1).

We assume factual assertions contained within the complaint are true, but we are under no obligation to do so with legal conclusions that lack factual support. Williams' complaint is comprised of a myriad of legal conclusions, but it does not contain a short and plain statement of his claims. Rather than containing simple, concise, and direct allegations, the complaint is twenty pages long and is comprised of repetitious assertions that lack factual support. *See, e.g., doc. 1* at 13 ("The Commonwealth District Attorney's Office aided and/or participated in acts of willful misconduct against plaintiff."); *id.* at 2 ("Black engaged himself in an act of official misconduct against plaintiff."); *id.* at 10 ([Blosser and Trooper Black] "both were in agreement to use the false, misleading information/evidence against plaintiff."); *id.* at 4 ("Black was in secret cooperation with the Walmart store asset protection employee."). Williams has failed to allege any facts in support of the aforementioned conclusions.

"Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Here, the complaint does not provide fair notice of the grounds upon which the claims rest. In fact, it is not clear who some of the defendants are. *Doc. 1* at 13 (listing the Commonwealth District Attorney's Office as a defendant). Accordingly, the complaint fails to state a claim upon which relief can be granted.

## VI. Leave to Amend.

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, we grant Williams an opportunity to correct the deficiencies noted above. We will briefly discuss some additional issues with respect to Williams' complaint of which Williams should be aware should he elect to file an amended complaint.

### A. 42 U.S.C. § 1983.

Williams checked the line on the form complaint stating that the complaint was filed under 42 U.S.C. § 1983, which "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights,

privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). To state a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under the color of state law. *Woloszyn v. Cnty. Of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). 42 U.S.C. § 1983 claims allow plaintiffs to file suit against state officials in their individual capacities—state officials acting in their official capacities are not "persons" who can be sued under § 1983. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Williams' complaint names Trooper Black as a defendant in both his official and individual capacity under § 1983 for false arrest. *Doc. 1* at 8. Even if Williams had alleged facts to support his legal conclusions, Trooper Black, in his official capacity, is not a "person" who can be sued under § 1983. Evaluating the claim regarding Trooper Black's individual capacity, Williams fails to provide any facts to support his assertions. *Id.* at 5 ("Black's false statements to law enforcement authorities were material or necessary to findings of probable cause."). Blosser—identified by Williams as an "asset protection Walmart store employee"—is being sued in her individual capacity and in her representative capacity as a Walmart employee. *Id.* at 12. In any capacity, Blosser is not a state official who can be sued

9

under § 1983. Finally, Williams names the Commonwealth District Attorney's Office as defendant. *Id.* at 13. To our knowledge, there is no such entity as the Commonwealth District Attorney's office. Because Williams is a *pro se* plaintiff, we liberally construe his complaint, and we infer that he means to name the Adams County District Attorney's Office as the defendant since that is the county in which his arrest was made and where he was prosecuted. However, the Adams County District Attorney's Office is not a separate legal entity that can be sued under § 1983. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that the Bucks County District Attorney's Office is not subject to § 1983 liability); *see also Estate of Tyler ex rel. Floyd v. Grossman*, 108 F. Supp. 3d 279, 288 (E.D. Pa. 2015) (holding that the Philadelphia District Attorney's Office cannot be sued under § 1983).

### B. Fourteenth Amendment.

To the extent Williams is alleging that his Fourteenth Amendment rights were violated, the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, §1. "The core concept of due process is protection against arbitrary government action," and due process has "both substantive and procedural components." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 658 (3d Cir. 2011).

Here, Williams alleges that his defense counsel induced him into entering a guilty plea and allowed the District Attorney's Office to prosecute him anyway. *Doc. 1* at 16. We note that his defense counsel is not named as a defendant in the complaint. Despite contending that the District Attorney's Office was in "secret cooperation" with his defense counsel, Williams fails to assert any facts that would conceivably demonstrate that he was deprived of due process of the law.

### C. Eighth Amendment.

To the extent Williams is alleging that his Eighth Amendment rights were violated, the Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Supreme Court has understood the Eighth Amendment "to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). For purposes of the Eighth Amendment, cruel and unusual punishment consists of actions that are "repugnant to the conscience of mankind." *Ricks v. Shover*, 891 F.3d 468, 475 (3d Cir. 2018) (providing that sexual abuse of an inmate by a prison guard may violate the Eighth Amendment); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[T]he deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" that is prohibited by the Eighth Amendment) (citation omitted) (internal quotations omitted).

Williams alleges that each of the defendants—Trooper Black, Blosser, and the District Attorney's Office—subjected him to cruel and unusual punishment. However, Williams does not allege any specific instances of mistreatment that occurred during his arrest or while he was incarcerated. Williams' allegations regarding cruel and unusual punishment stem from his requests for monetary damages from the defendants for subjecting him to cruel and unusual punishment, without elaborating any further on the specific conduct. Simply claiming that he was subject to cruel and unusual punishment does not suffice to constitute a § 1983 claim under the Eighth Amendment.

### D. Fourth Amendment.

To the extent Williams is alleging a violation of his Fourth Amendment rights, the Fourth Amendment protects individuals from being arrested absent probable cause. U.S. CONST. amend IV. Although Williams did not expressly allege that his Fourth Amendment rights were violated, he insists that Trooper Black did not have probable cause to arrest him, and that the District Attorney's Office falsely prosecuted him. *Doc. 1* at 3-4, 16. Because Williams is a *pro se* plaintiff, we interpret his assertion to allege a § 1983 malicious prosecution claim under the Fourth Amendment.

To raise a § 1983 malicious prosecution claim under the Fourth Amendment, Williams must show (1) the defendants initiated a criminal proceeding; (2) the

criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000); *Halsey v. Pheiffer*, 750 F.3d 273, 296 (3d Cir. 2014) (stating that police officers may be liable for malicious prosecution if they "conceal and misrepresent material facts" to the prosecutor who initiated criminal proceedings).

Here, the first element appears to be satisfied because Williams alleges that Trooper Black was the officer who obtained a search warrant and subsequently arrested him. Moreover, Williams also contends that the District Attorney's Office prosecuted the case. However, the second element fails because the criminal proceeding did not end in Williams' favor since he pleaded guilty. Additionally, Williams did not allege any facts that there was a lack of probable cause or that Trooper Black or the District Attorney's Office acted maliciously—he simply contends that it is the case without providing any support behind his claims.

## IX. Order.

For the foregoing reasons, **IT IS ORDERED** that, on or before July 28, 2021, Williams shall file an amended complaint.[2] If Williams fails to do so, we will recommend that the case be dismissed pursuant to 28 U.S.C. § 1915A.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to

---

[2] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). Williams "is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id.* "Also in general, an amended pleading—like [any] complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Any amended complaint must also comply with Fed. R. Civ. P. 20.

which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of June, 2021.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge