UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANFORD WILLIAMS JR., | : | CIVIL NO: 3:20-CV-00465 |
| | : | |
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| BRANDON P. BLACK, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I.   Introduction.**

The plaintiff, Sanford Williams, Jr. ("Williams"), filed the instant complaint pro se against the defendants, Pennsylvania State Trooper Brandon Black, Stacy Blosser, and the Commonwealth District Attorney's Office. *Doc. 1*.  On June 30, 2021, we screened Williams's complaint in accordance with 28 U.S.C. § 1915A and concluded that the complaint fails to state a claim upon which relief can be granted; however, we granted Williams leave to amend his complaint. *Doc. 15*.

On September 28, 2021, we granted Williams an extension of time to file his amended complaint by November 28, 2021. *Doc. 17*.  Williams failed to amend his complaint, and so, on December 2, 2021, we issued a show cause order directing Williams to show cause by January 7, 2022, as to why his case should not be dismissed pursuant to Fed. R. Civ. P. 41(b). *Doc. 18*.  On April 4, 2022, Williams

filed a motion to expedite, where he requests that this court "consider moving this case, which has been pending in the court since the year of 2016." *Doc. 19*.[1] Accordingly, since Williams failed to file an amended complaint, we recommend that the case be dismissed for failing to state a claim upon which relief can be granted. We also recommend that Williams not be granted leave to amend his complaint and that the case be closed. Additionally, because we recommend that the case be dismissed, we recommend that the motion to expedite be denied as moot.

## II.   Background.

Williams, proceeding pro se, began this action by filing a complaint on March 20, 2020, while he was an inmate at State Correctional Institution Smithfield. *Doc. 1* at 1. He also filed an application to proceed *in forma pauperis*, which we granted. *Docs. 8*, *11*. Williams's complaint is premised on the events that led to his March 24, 2019, arrest. Per the complaint, Williams was arrested for stealing $2,042.50 worth of infant formula from Walmart. *Doc. 1* at 3. Williams alleges that Pennsylvania State Trooper Brandon Black ("Trooper Black") conspired with Stacy Blosser ("Blosser")—identified as an asset protection

---

[1] We note that Williams's motion to expedite does not list the proper defendants in this matter and may be related to a different case.

2

employee at Walmart—to falsely accuse Williams of theft. *Id*. at 4. According to Williams, Trooper Black and Blosser agreed to provide "inaccurate, false, misleading information" that led to Williams's arrest. *Id*. at 10. Without naming any specific individuals, Williams also lists the Commonwealth District Attorney's Office as a defendant and alleges that the office committed acts of conspiracy and malicious prosecution by relying on Trooper Black's false information to prosecute Williams. *Id*. at 15. Despite Williams pleading guilty to the charges, he contends that he is innocent and was falsely accused and unlawfully charged. *Id*. at 16. Williams seeks damages in the amount of $350,000 from each of the three defendants. *Id*. at 8, 12, 17. He also requests that we file charges against Trooper Black for perjury and against the District Attorney's office for conspiracy. *Id*. at 8, 17.

## III.  Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing,

> a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
> 
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> 
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

4

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen.*

*Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. Discussion.

Williams commenced this action for alleged violations of his civil rights regarding his 2019 arrest for theft at Walmart. He attempts to bring the complaint under 42 U.S.C. § 1983.[2] *Doc. 1* at 1. Per the complaint, the defendants subjected Williams to pain and suffering, cruel and unusual punishment, false arrest, false imprisonment, and deprived him of his due process rights. *Id.* at 8, 12, 17. Trooper Black and the Commonwealth District Attorney's Office can plausibly be sued under 42 U.S.C. § 1983, but no facts in the complaint support the conclusion that Blosser—a Walmart employee—acted under the "color of state law." Thus, Blosser is not a proper § 1983 defendant. Nonetheless, Williams fails to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915A.

## V. The complaint fails to state a claim upon which relief can be granted.

Williams's complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of

---

[2] "42 U.S.C. § 1983 provides a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (citations omitted).

counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting Erickson, 551 U.S. at 94). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*. Liberally construing Williams's complaint, we nevertheless conclude that it fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1).

    We assume factual assertions contained within the complaint are true, but we are under no obligation to do so with legal conclusions that lack factual support. Williams's complaint is comprised of a myriad of legal conclusions, but it does not contain a short and plain statement of his claims. Rather than containing simple, concise, and direct allegations, the complaint is twenty pages long and is comprised of repetitious assertions that lack factual support. *See, e.g., doc. 1* at 13 ("The Commonwealth District Attorney's Office aided and/or participated in acts of willful misconduct against plaintiff."); *id*. at 2 ("Black engaged himself in an act of official misconduct against plaintiff."); *id*. at 10 ([Blosser and Trooper Black] "both were in agreement to use the false, misleading information/evidence against

plaintiff."); *id*. at 4 ("Black was in secret cooperation with the Walmart store asset protection employee."). Williams has failed to allege any facts in support of the aforementioned conclusions.

## VI. Leave to Amend.

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, we previously granted Williams leave to amend his complaint, and granted him an extension of time do so; however, Williams has failed to file an amended complaint. Additionally, we warned Williams that we would recommend dismissing his case if he failed to file an amended complaint. Thus, further leave to amend would be futile.

## VII. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A because it fails to state a claim on which relief may be granted, and it is recommended that the case be closed. Additionally, we recommend that the motion to expedite be denied as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of April, 2022.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge